Andrew B. Zollinger (TX Bar No. 24063944)
DLA PIPER LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: 214.743.4500
Fax: 214.743.4545

Brett Ingerman (*pro hac vice* forthcoming)
Dale K. Cathell (*pro hac vice* forthcoming)
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, Maryland 21202
Tel: 410.580.3000
Fax: 410.580.3001

*Counsel for Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Case No. 22-31641-mvl |
| GOODMAN NETWORKS, INC., | Chapter 7 |
| Debtor, | |
| SCOTT M. SEIDEL, TRUSTEE, | Adversary No. 24-03037-mvl |
| Plaintiff | |
| v. | |
| MSOUTH EQUITY PARTNERS III, L.P., et al., | |
| Defendants. | |

**DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**

Pursuant to 28 U.S.C. § 157, Bankruptcy Rule of Procedure 5011, and Local Bankruptcy Rule 5011-1, Defendants MSouth Equity Partners III, L.P., 1Path Managed Services, LLC, Onepath ITDS Holdings, LLC, Onepath ITDS Buyer, Inc., Onepath Holdings, LLC, Onepath

1

Holding Corporation, BlueWave Computing, LLC, Onepath Systems of NC, LLC, Direct Resources, LLC, Internet & Telephone, LC, Paradigm Computer Consulting, Inc., and the unknown shareholders of Paradigm Computer Consulting, Inc. (collectively, the "Defendants"), file this Motion to Withdraw the Reference to the Bankruptcy Court (the "Motion") and, in support hereof, state as follows:

## INTRODUCTION

This adversary proceeding involves an attempt by the bankruptcy Trustee to avoid and recover allegedly fraudulent transfers totaling approximately $41 million from the Defendants, entities who did not file any proofs of claim in these bankruptcy proceedings and who do not consent to entry of a final judgment by the Bankruptcy Court. The Trustee has asserted fraudulent transfer claims under both the Bankruptcy Code and Texas statutory law, including five statutorily "core" fraudulent transfer claims and two "non-core" state law fraudulent transfer claims. Because the Defendants ***did not file any proofs of claim and do not consent*** to entry of final judgment by the Bankruptcy Court, the District Court will undoubtedly have to rule on matters in this case pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011) and 11 U.S.C. 157. As such, the reference should be withdrawn.

## BACKGROUND

Plaintiff Scott M. Seidel (the "Trustee") initiated this adversary proceeding on May 24, 2024 by filing the Trustee's Original Complaint (the "Complaint"). [Doc. 1]. In the Complaint, the Trustee asserts eight (8) counts against all of the Defendants, including five (5) counts for actual and/or constructive fraudulent transfer arising under the Bankruptcy Code and state law, two (2) counts for constructive fraudulent transfer arising purely under state law, and one (1) count for attorneys' fees under state law. *See generally* Compl. On July 15, 2024, the Defendants filed a Motion to Dismiss the Complaint. [Doc. 15]. None of the Defendants has filed a proof of claim in

2

the bankruptcy proceeding and the Defendants do not consent to final adjudication of the Trustee's claims in the Bankruptcy Court. Moreover, as the Defendants have not yet answered the Complaint, the time for requesting a jury trial in this adversary proceeding has not yet passed.

## LEGAL ARGUMENT

Bankruptcy jurisdiction is vested in the District Courts pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a), the District Courts may refer bankruptcy cases and any or all proceedings arising in or related to bankruptcy cases to Bankruptcy Courts. In this District, such referral process automatically occurs pursuant to Misc. Order No. 33 of the United States District Court for the Northern District of Texas, dated June 27, 1984 (entitled "Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc"). But on timely motion of a party, the District Court may withdraw the reference to the Bankruptcy Court for cause shown. 28 U.S.C. § 157(d).

### I. WITHDRAWAL OF THE REFERENCE IN THIS ADVERSARY PROCEEDING IS REQUIRED UNDER *STERN*.

In considering whether to withdraw the reference, courts generally consider six factors: (1) whether the matter is core or non-core; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtor's and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process.[1] *See Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir.

---

[1] The Local Rules of the Bankruptcy Court for the Northern District of Texas mandate that in adversary proceedings where the reference is proposed to be withdrawn, the bankruptcy judge shall consider and determine the following nine matters:
  (1) whether any response to the motion to withdraw the reference was filed;
  (2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
  (3) whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge;

1985). Courts in this District emphasize the first two factors—core versus non-core matters and whether a jury trial has been requested. *See Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115–23 (N.D. Tex. 2006).

The Trustee's Complaint seeks to avoid alleged fraudulent transfers pursuant to the Bankruptcy Code and the Texas Uniform Fraudulent Transfers Act ("TUFTA"). *See generally* Compl. Specifically, the Complaint asserts the following seven (7) substantive claims:

- **Count 1** – actual fraudulent transfer under Bankruptcy Code § 548(a)(1)(A);

- **Count 2** – constructive fraudulent transfer under Bankruptcy Code § 548(a)(1)(B);

- **Count 3** – actual fraudulent transfer under TUFTA § 24.005(a)(1) (through Bankruptcy Code § 544);

- **Count 4** – constructive fraudulent transfer under TUFTA § 24.005(a)(2) (through Bankruptcy Code § 544);

- **Count 5** – constructive fraudulent transfer under TUFTA § 24.006(a) (through Bankruptcy Code § 544);

- **Count 6** – constructive fraudulent transfer as a creditor under TUFTA § 24.005(a)(2); and

- **Count 7** – constructive fraudulent transfer as a creditor under TUFTA § 24.006(a).

---

(4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial;
(5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;
(6) whether a scheduling order has been entered in the proceeding;
(7) whether the parties are ready for trial;
(8) whether the bankruptcy judge recommends that (A) the motion be granted, (B) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial, (C) the motion be granted but that pre-trial matters be referred to the bankruptcy judge; and
(9) any other mattes relevant to the decision to withdraw the reference.

L.B.R. 5011-1(a).

4

*See id.*

As explained by the Supreme Court in *Stern*, Congress has divided bankruptcy proceedings into three categories: (1) those that "aris[e] under Title 11;" (2) those that "aris[e] in" a Title 11 case; and (3) those that are "related to" a case under Title 11. *See generally* 564 U.S. 462; 28 U.S.C. § 1334(b). Claims that "arise under" or "arise in" a Title 11 case are defined as statutorily "core" matters, while those that are merely "related to" a Title 11 case are defined as "non-core matters." 564 U.S. at 473–74. Bankruptcy courts have statutory authority to hear and enter final judgments on "core" claims, but for "non-core" claims, bankruptcy courts instead may only submit proposed findings of fact and conclusions of law to the district court for review and potential issuance of a final judgment (absent consent from all the parties). *See* 28 U.S.C. §§ 1334, 157.

    A.    **Counts 1 Through 5 are *Stern* Claims.**

While a claim may be ***statutorily core***, as defined in 28 U.S.C. § 157(b)(2), it must also be ***constitutionally permissible*** for a bankruptcy court to enter a final judgment pursuant to *Stern*. 564 U.S. at 469. In determining whether a bankruptcy court is constitutionally permitted to enter a final judgment on a statutorily core claim, the court must determine whether conferring such authority on the bankruptcy court is permissible under Article III of the Constitution. *Id.* As the Supreme Court noted in *Stern*, although § 157(b)(2) grants bankruptcy courts statutory power to enter final judgment on a laundry list of claims, in some instances, doing so may nevertheless run afoul of Article III. *Id.* at 499. Distilled to its essence, the Supreme Court's holding provides that the Constitution requires that only Article III courts—whose judges enjoy life tenure and are thereby politically insulated—may decide "a suit … made of 'the stuff of traditional actions at common law.'" *Id.* at 484. Therefore, despite the statutory list of "core" claims in § 157(b)(2), bankruptcy courts may only enter final orders (absent consent) on claims that "stem[] from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 499;

5

*see also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35–36 (2014);[2] *Aurzada v. CE Covey Holdings, LLC (In re Nieman Printing, Inc.)*, No. 23-03049-sgj, 2024 WL 2027490, at *16–17 (Bankr. N.D. Tex. Mar. 4, 2024).

Pursuant to 28 U.S.C. § 157(b)(2)(H), Counts 1–5 of the Complaint are statutorily core matters. But because the Defendants did not file proofs of claim in the bankruptcy case, counts 1–5 are also *Stern* claims. Thus, absent consent from all the parties, the Bankruptcy Court may not enter a final judgment on these claims. *See* 28 U.S.C. §§ 1334, 157. And because the Defendants do not consent to the Bankruptcy Court entering final judgment with respect to these five *Stern* claims (or the two non-core claims as set forth below), the Bankruptcy Court "lacks constitutional power to enter final judgment" on all of the Trustee's substantive claims. *Aurzada*, 2024 WL 2027490, at *5; *see also Stern*, 564 U.S. at 503. Accordingly, the reference should be withdrawn.

**B.      Count 6 and 7 are Non-Core Claims.**

Counts 6 and 7[3] – the Trustee's TUFTA claims solely in his capacity as an alleged creditor of a non-debtor – are non-core matters. These claims arise solely under state law and clearly exist outside of bankruptcy. These claims, therefore, are non-core and the Defendants do not consent to the Bankruptcy Court entering a final judgment on these claims. *See Faulkner v. Eagle View Cap. Mgmt. (In re The Heritage Org., L.L.C.)*, 454 B.R. 353, 360–61 (Bankr. N.D. Tex. 2011) ("The

---

[2] In *Arkison*, the Supreme Court coined the term "*Stern* claims," which are claims that are statutorily "core," pursuant to 28 U.S.C. § 157(b)(2), but are nevertheless common law claims (that are not intertwined with the claims allowance process). *Stern* claims may not be finally adjudicated by a non-Article III tribunal absent consent of the parties. The Court held that *Stern* claims should be treated the same as non-core claims, where the bankruptcy court may submit proposed findings of fact and conclusions of law to the district court for consideration. 573 U.S. at 38.

[3] Count 8 – Trustee's Claim for Attorney's fees – is not an actual cause of action. If it was, it also would be non-core.

claim under Texas's Uniform Fraudulent Transfer Act [] does not invoke a right created by title 11, and clearly exists outside of bankruptcy. Therefore, at most, it is a 'related to' claim under section 1334(b)."). Accordingly, the reference as to these claims also should be withdrawn.

C. **Defendants Have a Right to Jury Trial Which, if Invoked and Absent Consent to Hold the Jury Trial in the Bankruptcy Court, Mandates Withdrawal of the Reference.**

Though the time for Defendants to request a jury trial has not yet arrived, Defendants enjoy the Seventh Amendment right to a jury trial so long as they have not filed proofs of claim—and they have not. *See Granfinanciera v. Nordberg*, 492 U.S. 33, 58–59 (1989) (holding that defendant was entitled to a jury trial on fraudulent transfer claim brought in bankruptcy court); *Halperin v. Wills (In re Senior Care Ctrs., LLC)*, No. 20-03178, 2021 WL 12178966, at *2 (Bankr. N.D. Tex. July 15, 2021). Where the right to jury trial exists in a core matter, the bankruptcy judge may conduct the jury trial only "with the express consent of all the parties." 28 U.S.C. § 157(e). If the Defendants ultimately decide to demand a jury trial in this matter, the District Court *must* withdraw the reference to the bankruptcy court because the Defendants do not consent to a jury trial in the Bankruptcy Court. *See, e.g.*, *Markel Ins. Co. v. Origin Bancorp, Inc. (In re Lauren Eng'rs & Constructors, Inc.)*, Nos. 21-10051-RLJ-7, 2021 Bankr. LEXIS 3032, at *5 (Bankr. N.D. Tex. Sept. 29, 2021) ("[I]f the right to a jury trial applies to the proceeding, a party asserts that right, and a party does not consent to a jury trial before the Bankruptcy Court, the District Court *must* withdraw the reference, at least for purposes of conducting the jury trial.") (emphasis added); *Kirschner v. Dondero (In re Highland Cap. Mgmt., L.P.)*, 2022 WL 1050064, at *1 (Bankr. N.D. Tex. Apr. 6, 2022) ("All parties agree (even the Plaintiff) that the reference *must* ultimately be withdrawn for final adjudication to occur in the District Court, since: (a) jury trial rights exist, and (b) the Defendants do not consent to a jury trial occurring in the bankruptcy court.") (emphasis in original).

7

While Defendants' time for demanding a jury trial has not yet arisen, if Defendants' Motion to Dismiss is denied and, in answering the Complaint, Defendants request a jury trial, the jury trial will have to be conducted by the District Court.

## CONCLUSION

Because the Defendants have not filed proofs of claim and do not consent to entry of a final judgment by the Bankruptcy Court, the reference must be withdrawn. Counts 1–5 of the Complaint are *Stern* claims, Count 6 and 7 are non-core, and Count 8 would be a non-core claim (if it actually stated a claim for relief). For these reasons, the Defendants request that this Court enter an order granting this Motion withdrawing the reference of this adversary proceeding and granting such other and further relief as this Court deems just, equitable, and proper.

Dated: July 24, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Andrew B. Zollinger*
Andrew B. Zollinger (TX Bar No. 24063944)
andrew.zollinger@dlapiper.com
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: 214.743.4500
Fax: 214.743.4545

Brett Ingerman (*pro hac vice* forthcoming)
brett.ingerman@us.dlapiper.com
Dale K. Cathell (*pro hac vice* forthcoming)
dale.cathell@us.dlapiper.com
650 S. Exeter Street, Suite 1100
Baltimore, Maryland 21202
Tel:  410.580.3000
Fax:  410.580.3001

*Counsel for Defendants*

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that this office conferred with Trustee's counsel on July 18, 2024 via email and Trustee's counsel has indicated that they oppose the instant motion. The parties were unable to reach an agreement.

                /s/ *Andrew Zollinger*
                Andrew Zollinger

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all parties entitled to electronic notification in this proceeding.

                /s/ *Andrew Zollinger*
                Andrew Zollinger