

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed September 12, 2024**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 22-31641-MVL7 |
| GOODMAN NETWORKS, INC. | § | (CHAPTER 7) |
| | § | |
| Debtor. | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY NO. 24-03037-MVL |
| | § | |
| v. | § | CIV. ACTION NO. 3:24-CV-02294-S |
| | § | |
| MSOUTH EQUITY PARTNERS III, L.P., et al., | § | Related to ECF No. 16[1] |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## REGARDING DEFENDANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE

---

[1] All ECF No. references are herein made with respect to the docket in Adversary Proceeding No. 24-03037-MVL.

1

I.  **INTRODUCTION.**

Defendants MSouth Equity Partners III, L.P., 1Path Managed Services, LLC, Onepath ITDS Holdings, LLC, Onepath ITDS Buyer, Inc., Onepath Holdings, LLC, Onepath Holding Corporation, BlueWave Computing, LLC, Onepath Systems of NC, LLC, Direct Resources, LLC, Internet & Telephone, LC, Paradigm Computer Consulting, Inc., and the unknown shareholders of Paradigm Computer Consulting, Inc. (collectively, the "**Defendants**") filed a *Motion to Withdraw the Reference* of the above-entitled adversary proceeding on July 24, 2024, at ECF No. 16 (the "**Motion**"). The Bankruptcy Court conducted a status conference concerning the Motion on August 29, 2024, pursuant to 11 U.S.C. § 105(d); L.B.R. 5011-1.[2] After conferring with counsel for the parties to this proceeding at the status conference, the Bankruptcy Court submits the following Report and Recommendation to the United States District Court:

II.  **BRIEF RECOMMENDATION.**

Pursuant to 28 U.S.C. § 157(d), the District Court may, on timely motion of any party, withdraw, in whole or in part, any case or proceeding referred under § 157 "for cause shown." The Bankruptcy Court hereby recommends that the District Court withdraw, in whole, the reference of Adv. Pro. No. 24-03037-MVL, but only at such time as the Bankruptcy Court certifies to the District Court that the lawsuit is trial-ready. The Bankruptcy Court further recommends that the District Court refer all pre-trial matters to the Bankruptcy Court.

---

[2] For the purposes of this report and recommendation, all capitalized references to the Bankruptcy Court (the "**Court**" or the "**Bankruptcy Court**") are made in reference to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Likewise, all capitalized references to the District Court (the "**District Court**") are made in reference to the United States District Court for the Northern District of Texas, Dallas Division. All capitalized references to the Main Bankruptcy Case (the "**Bankruptcy Case**") are made in reference to Case No. 22-31641-MVL7 (Bankr. N.D. Tex. 2022). All capitalized references to the Adversary Proceeding (the "**Adversary Proceeding**") are made in reference to Adv. Pro. No. 24-03037-MVL (Bankr. N.D. Tex. 2023).

### III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On May 24, 2024, Scott M. Seidel (the "**Trustee**"), trustee of Goodman Networks, Inc. (the "**Debtor**"), filed his original complaint against the Defendants commencing the Adversary Proceeding. *See* ECF No. 1. In the original complaint, the Trustee asserts eight (8) counts against all of the Defendants, including five (5) counts for actual and/or constructive fraudulent transfer arising under the Bankruptcy Code and state law, two (2) counts for constructive fraudulent transfer arising purely under state law, and one (1) count for attorneys' fees under state law. *See generally* ECF No. 1.

On July 15, 2024, the Defendants filed a Motion to Dismiss the Complaint. ECF No. 15. None of the Defendants have filed a proof of claim in the bankruptcy proceeding, and the Defendants do not consent to final adjudication of the Trustee's claims in the Bankruptcy Court. Moreover, as the Defendants have not yet answered the Complaint, the time for requesting a jury trial in this adversary proceeding has not yet passed. At the Status Conference on August 29, 2024, the Defendants represented to the Court that they intend to file a jury demand. As such, the Bankruptcy Court recommends that the reference be withdrawn in the Adversary Proceeding, but only at such time as the Bankruptcy Court certifies that this lawsuit is trial-ready.

### IV. THE CAUSES OF ACTION

| Count Number | Count |
|---|---|
| 1 | Avoidance and Recovery of Actual Fraudulent Transfers as Trustee under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(2) |
| 2 | Avoidance and Recovery of Constructive Fraudulent Transfers as Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(2) |
| 3 | Avoidance and Recovery of Actual Fraudulent Transfers as Trustee under 11 U.S.C. §§ 544(b)(1) and 550(a)(2) and Tex. Bus. & Comm. Code § 24.005(a)(1) |
| 4 | Avoidance and Recovery of Constructive Fraudulent Transfers as Trustee under 11 U.S.C. §§ 544(b)(1) and 550(a)(2) and Tex. Bus. & Comm. Code § 24.005(a)(2) |

| | |
|---|---|
| 5 | Avoidance and Recovery of Constructive Fraudulent Transfers as Trustee under 11 U.S.C. §§ 544(b)(1) and 550(a)(2) and Tex. Bus. & Comm. Code § 24.006(a) |
| 6 | Avoidance and Recovery of Constructive Fraudulent Transfers as a Creditor under Tex. Bus. & Comm. Code § 24.005(a)(2) |
| 7 | Avoidance and Recovery of Constructive Fraudulent Transfers as a Creditor under Tex. Bus. & Comm. Code § 24.006(a) |
| 8 | Attorney's Fees — Tex. Bus. & Comm. Code § 24.013 |

## V. LEGAL STANDARD.

The District Court has discretion to "withdraw, in whole or in part, any case or proceeding … for cause shown." 28 U.S.C. § 157(d). In *Holland America Insurance Company v. Succession of Roy*, the Fifth Circuit held that, in considering whether the reference should be withdrawn, a district court should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. 777 F.2d 992, 998–99 (5th Cir. 1985).

Further, pursuant to L.B.R. 5011-1, the Court must consider the following additional factors, as relevant: (1) whether any response to the motion to withdraw reference was filed; (2) whether a motion to stay the proceeding pending the District Court's decision on the withdrawal of the reference has been filed, in which court the motion was filed, and the status of the motion; (3) whether the proceeding is core, non-core, or mixed and, with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the Bankruptcy Court; (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the Bankruptcy Court conducting a jury trial, and whether the District Court is requested to designate the Bankruptcy Court to conduct a jury trial; (6) whether a scheduling order has been entered in the

proceeding; (7) whether the parties are ready for trial; (8) the Bankruptcy Court's recommendation; and (9) any other matters relevant to the decision to withdraw the reference.

VI. DISCUSSION.

The starting point in evaluating the merits of a motion for withdrawal of the reference is a determination of whether the proceeding is core or non-core.[3] The parties agree that the Bankruptcy Court has at least "related to" jurisdiction over the Adversary Proceeding. However, while some of the claims in the Amended Complaint arise under the Bankruptcy Code and are therefore considered core, most of the claims are based in state law and are not statutorily core matters. Thus, absent consent, the Bankruptcy Court cannot issue final judgments or orders in connection with those claims.

The Court will note that where an adversary proceeding encompasses both core and non-core claims, courts have held that withdrawal of the reference is appropriate because it promotes judicial efficiency.[4] However, even considering that there are non-core claims in this matter, the District Court is not *required* to withdraw the reference on this factor alone.[5] 28 U.S.C. § 157(c)(1) provides the proper procedure regarding non-core claims:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge

---

[3] *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).
[4] *See e.g., In re Brown Medical Center, Inc.*, 578 B.R. 590, 597 (Bankr. S.D. Tex. 2016) (holding that splitting core and non-core claims into two proceedings would be judicially inefficient, and therefore recommending a withdrawal of the reference), *report and recommendation adopted*, No. 16-0084, 2016 WL 406959 at *2 (S.D. Tex. Feb. 3, 2016); *see also In re Dallas Roadster, Ltd.*, Adv. Pro. No. 13-4033, 2013 WL 5758632, at *2 (Bankr. E.D. Tex. Sept. 27, 2013), *report and recommendation adopted*, No. 1-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013); *Mirant*, 337 B.R. at 122 ("The conclusions the court has reached that the actions contain non-core claims and that [Defendant] is entitled to trial by jury as to certain claims standing alone suggest that there should be a withdrawal of the reference.").
[5] *In re Highland Capital Management L.P.*, No. 21-03003, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. Jul. 7, 2021) ("[M]andatory withdrawal is to be applied narrowly and to prevent 157(d) from becoming an 'escape hatch.' Unsubstantiated assertions that nonbankruptcy … issues are substantial and material to an adversary proceeding are insufficient to warrant mandatory withdrawal."), *report and recommendation adopted in its entirety*, No. 3:21-CV-1378-N, 2021 WL 7540340 (N.D. Tex. Jul. 26, 2021); *see also e.g., Schott, Trustee for Estate of InforMD, LLc v. Massengale*, 618 B.R. 444, 452 (M.D. La. 2020) ("That there may be the right to a jury trial or non-core matters does not require [the District Court] to immediately withdraw the reference.") (citing to *Official Committee of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 128 (4th Cir. 1993) (gathering cases)).

5

> shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

As resolution of this proceeding would not require significant interpretation of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," there does not initially appear to be any cause to deviate from the procedure Congress envisioned here. 28 U.S.C. § 157(d).

The Court again notes that the Defendants do not consent to the Bankruptcy Court's authority to enter final orders in this case. *See* ECF No. 16, p. 2. The Defendants therefore argue that the District Court should immediately withdraw the reference in the Adversary Proceeding for all purposes, including pre-trial matters. *See* ECF No. 29, p. 3. The Defendants posit that immediate withdrawal of the reference would be proper, as (1) there are both core and non-core claims, (2) the Bankruptcy Court has not yet decided any substantive issues in the Adversary Proceeding and is therefore no more familiar with the substance of the matter than the District Court, (3) immediate withdrawal would expedite the bankruptcy process, and (4) immediate withdraw would foster economical use of resources. *See id.* at pp. 4–7.

The Trustee objects to immediate withdrawal, however, and suggests that the reference should only be withdrawn once the Bankruptcy Court certifies that the Adversary Proceeding is trial-ready, as it is both the usual and accepted practice in this District, and the most efficient manner to prepare lawsuits for trial.[6] Further, the Trustee argues that the Bankruptcy Court is

---

[6] *See* ECF No. 27, ¶ 46 (citing *In re Blackwell*, 267 B.R. 724, 731 (Bankr. W.D. Tex. 2001) (holding that a district court has the option of referring all pre-trial and discovery matters to be handled by the bankruptcy judge until such time as the bankruptcy judge certifies to the district court that the matter is trial-ready)).

better suited to conduct all pretrial matters because the Bankruptcy Court is also presiding over at least eight related adversary proceedings. *See* ECF No. 27 at ¶ 47.

The Bankruptcy Court concurs with the Trustee's reasoning on this point. Were the District Court to withdraw the reference immediately, the Bankruptcy Court notes that it is the general practice within this district for pretrial matters to be referred to a magistrate. Therefore, the Defendants' argument that a District Court might retain pretrial matters in order to become more familiar with the case in preparation for trial is somewhat mooted. Furthermore, the Bankruptcy Court is, in fact, familiar with the issues in this Adversary Proceeding, due to its role in presiding over the Bankruptcy Case and several related adversary proceedings. As such, the Defendants' argument on that point falls flat.

The remaining factors favor a withdrawal of the reference in whole once the case is trial-ready:

1. *Whether or not there has been a jury demand* — the Defendants have not made a jury demand but stated during the status conference that they intend to do so.

2. *The effect of withdrawal on judicial economy* — the District Court must issue final judgments and conduct a jury trial.

3. *The effect of withdrawal on the goal of reducing forum shopping* — in light of the forthcoming jury demand, the District Court is the proper forum.

4. *Uniformity in bankruptcy administration* — the Bankruptcy Court is already familiar with the facts of the underlying action, the Bankruptcy Case, and other related adversary proceedings, weighing against withdrawal.

5. *The effect of withdrawal on fostering the economical use of the parties' resources* — the Bankruptcy Court believes that withdrawal upon certification that the case is trial-ready would foster the most economical use of the parties' resources.

6. *The effect of withdrawal on the goal of expediting the bankruptcy process* — there is little concern that withdrawal of the reference will slow administration of the Bankruptcy Case, especially where the Bankruptcy Court will handle all pre-trial matters.

7. *A response was filed* — the Trustee filed a response to the Motion.

8. *Motion to stay the proceeding pending the district court's decision on the motion to withdraw reference* — none filed.

9. *Consent* — the Defendants do not consent to the entry of a final order by the Bankruptcy Court.

10. *Whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial* — A jury trial has not yet been requested but the request is forthcoming. The bankruptcy judge does not have consent of the parties to conduct a jury trial.

11. *Whether a scheduling order has been entered in the proceeding* — yes, attached as Exhibit "A."

12. *Whether the parties are ready for trial* — no.

13. *The bankruptcy court's recommendation* — the Bankruptcy Court recommends withdrawal once the case is trial-ready.

14. *Any other matters relevant to the decision to withdraw the reference* — none.

### VII. PENDING MATTERS.

The Adversary Proceeding has not been stayed pending a determination of the Motion to Withdraw pursuant to Bankruptcy Rule 5011. A motion to stay the Adversary Proceeding is not pending. The Bankruptcy Court has entered the attached scheduling order, but, at this point, the parties are not ready for trial. Based upon the current scheduling order, fact discovery is to be completed by September 21, 2024, but the Court expects that scheduling order to be amended after its ruling on the pending Motion to Dismiss, if the Complaint is not dismissed. Barring any motion to extend that deadline, the parties are set to exchange witness and exhibit lists, propose findings of fact and conclusions of law as well as a Joint Pretrial Order in compliance with Local District Court Rule 16.4 by October 29, 2024.

### VIII. RECOMMENDATION.

In light of the Bankruptcy Court's analysis of the *Holland* and L.B.R. 5011-1 factors, the Bankruptcy Court recommends that the District Court grant the Motion upon certification by the

Bankruptcy Court that the parties are ready for trial. The Bankruptcy Court further recommends that it be allowed to preside over any remaining pre-trial matters such as discovery and pre-trial motions, so as to essentially function like a magistrate. Then, at such time as the parties are trial-ready, the District Court would be notified and can withdraw the reference at that time.

### ###END OF REPORT AND RECOMMENDATION###